53 F.3d 331
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Patrick J. MELLIN, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, American Postal Workers Union,
AFL-CIO, Defendant-Appellees.
 No. 93-2486.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1995.
 
 Before: GUY, BOGGS, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Patrick J. Mellin, brought this action against the defendants, United States Postal Service ("USPS") and the American Postal Workers Union ("union"), alleging that (1) the USPS breached its collective bargaining agreement by failing to place him in a contractually mandated preferred assignment, and (2) the union breached its duty of fair representation by refusing to pursue his grievance against the USPS. The district court granted summary judgment in favor of the defendants because the action was barred by a six-month statute of limitations. Based on the following discussion, we affirm.
 
 I.
 
 2
 Mellin has been an employee of the USPS since 1984, and a member of the union since 1985. Employees at the USPS submit preferences to the management for shift and day-off assignments. Under the collective bargaining agreement, the USPS must award preferences for shift assignments in accordance with an employee's occupational group and level seniority dates.
 
 
 3
 Between February 2, 1988, and February 10, 1988, the USPS posted a vacancy notice for a level 9, electronic technician (ET 09) on tour III.[1] On March 26, 1988, Mellin received the tour III position on the contingency that he successfully complete all required training.
 
 
 4
 In March 1989, the USPS posted a vacancy form for two level 9, electronic technicians on tour II. On April 14, 1989, the USPS conditionally awarded these positions to Tyrone Flowers and Victor Ottenbreit. Also in April 1989, the plaintiff completed the requisite training, and was retroactively promoted to the tour III, ET 09 position.
 
 
 5
 On May 11, 1989, Mellin filed a grievance claiming that he should have been awarded one of the tour II, level 9 positions. The USPS denied this grievance on the basis of Article 38.6.A.6 of the collective bargaining agreement, which provides that an employee is required to remain in his duty assignment for nine months after his required training. Union craft director Richard Vaughn felt that the grievance was without merit, and chose not to pursue the grievance any further.
 
 
 6
 On December 18, 1989, Mellin's attorney wrote the local union president requesting the status of the May 11, 1989, grievance. Mellin wrote the union's national president with a similar request on January 27, 1990. In this letter, he acknowledged that there was no record of a timely Step 2 meeting on the grievance, as required under the collective bargaining agreement. In March 1990, Mellin learned that the union had decided not to proceed to arbitration with his May 11, 1989, grievance. On April 9, 1990, Mellin filed an unfair labor practice charge with the National Labor Relations Board regarding the grievance. In this charge, Mellin stated that the union had failed to properly pursue his grievances, and that the union would not further process these grievances.[2]
 
 
 7
 Approximately one year later, on March 11, 1991, Mellin pursued his grievance through the union's internal appeal procedures by sending a letter to the president of the local union. On March 21, 1991, the president informed Mellin that there was nothing he could do to assist Mellin under the circumstances. On March 24, 1991, Mellin appealed to the union's executive board. The board, on June 6, 1991, affirmed the president's conclusion that Mellin's May 11, 1989, grievance was properly withdrawn. From there, Mellin was permitted to address the general union membership at its monthly meeting. Mellin did so, but not until January 1992--bypassing opportunities to address the membership in June, August, September, October, and November.
 
 
 8
 On February 4, 1992, a union subcommittee informed Mellin that his grievance had been properly handled. The full membership voted to accept the subcommittee report at its April 4, 1992, meeting, which Mellin did not attend.
 
 
 9
 On August 4, 1992, six months after being informed of the subcommittee's decision regarding his grievance, Mellin filed a hybrid breach of contract and unfair representation claim against the defendants. He alleged that (1) the USPS breached the collective bargaining agreement by failing to award him one of the two level 9, tour II positions, and (2) the union breached its duty of fair representation by arbitrarily failing to process his May 11, 1989, grievance beyond the first step of the grievance procedure.
 
 
 10
 On September 4, 1993, the district court granted summary judgment in favor of the defendants, finding that Mellin's action was filed outside of the six-month statute of limitations for a hybrid claim.
 
 II.
 
 11
 Hybrid claims for breach of contract and duty of fair representation are governed by a six-month statute of limitations. Del Costello v. Teamsters, 462 U.S. 151 (1983); Robinson v. Central Brass Mfg. Co., 987 F.2d 1235, 1238 (6th Cir.), cert. denied, 114 S. Ct. 92 (1993). A cause of action begins to accrue when the plaintiff knew or should have known that the union would not pursue the grievance. Robinson, 987 F.2d at 1239. In filing his charge to the NLRB in April of 1990, Mellin acknowledged that he was aware that the union had failed to pursue his grievance. The district court, therefore, properly found that Mellin's cause of action began to accrue in April 1990, at the latest. See id. at 1242 (tolling determination is "within the discretion of the district court"). Accordingly, Mellin should have filed the present action by October of 1990, yet he did not do so until August 4, 1992.[3]
 
 
 12
 Additionally, Mellin did nothing to toll the statute of limitations prior to its expiration in October 1990. First, Mellin's filing of an unfair labor practice had no tolling effect. Adkins v. International Union of Elec., Radio, & Mach. Workers, 769 F.2d 330, 335 (6th Cir. 1985). Second, although the pursuit of internal union remedies may toll the statute of limitations where a plaintiff has some possibility of relief, Robinson, 987 F.2d at 1242, any such pursuit in this case did not occur until March, 1991--several months after the statute of limitations had expired. Thus, the district court properly granted defendants' motion for summary judgment because Mellin failed to file this hybrid action within the applicable six-month statute of limitations.[4]
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The Postal Service operates on three shifts. Tour I is the midnight shift; tour II is the morning shift; and tour III is the afternoon shift
 
 
 [2]
 Mellin also filed two more grievances regarding his failure to get one of the new positions. Each of these was filed as the two junior employees were permanently assigned to their new positions. The union informed Mellin that both of these grievances were untimely. Regarding the third grievance, Mellin was informed in September 1990, that the grievance had been processed, and would be withdrawn: "The action will be to close the case ...."
 
 
 [3]
 Every reasonable interpretation of an accrual date supports the district court's conclusion. The statute of limitations had expired even if the accrual date was September 1990, when plaintiff received notice regarding his third grievance filing. (See supra note 2). Under this accrual scenario, six months passed prior to the initiation of internal procedures, then six months passed after the exhaustion of the internal procedures. Hence, the statute of limitations had run even if the accrual date is backed up to September 1990, and the statute is tolled while Mellin pursued internal union remedies
 
 
 [4]
 Mellin also contends that his claim should be characterized as one for backpay, and, hence, capable of being brought under a six-year statute of limitations, as set forth in section 436.26 of the Postal Service's Employee and Labor Relations Manual ("ELM"). Mellin did not raise this argument in any pleading filed before the district court. This argument was waived, even though Mellin made one oblique reference to the ELM provision at the summary judgment hearing. Cf. Noble v. Chrysler Motors Corp., Jeep Division, 32 F.3d 997, 1002 (6th Cir. 1994) ("observation of [a] fact in a footnote ... is insufficient to preserve [an] issue for appeal"). Notwithstanding our finding of waiver, Mellin's argument is without merit. He cites no support for the proposition that an employee relations manual may supersede a federal statute and case law. Section 436.26 appears to apply only in cases where backpay entitlement has already been determined. See ELM section 436.11 (backpay is based upon unjustified personnel action)
 Additionally, Mellin argues that an evidentiary hearing should be conducted to determine the district court's reliance on its erroneous factual finding regarding the retroactive seniority dates of Flowers and Ottenbreit. We reject this argument because Mellin has failed to allege any manner in which this finding might impact the statute of limitations analysis.